**SO ORDERED.**

**SIGNED this 08 day of June, 2009.**

_____
**J. Rich Leonard**
**United States Bankruptcy Judge**
_____

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA


| | |
|---|---|
| **IN RE:** | |
| **MICHAEL K. LAM and**<br>**JENNIFER J. LAM,** | **CASE NO. 08-00856-8-JRL** |
| | **Chapter 11** |
| Debtors. | |
| **IN RE:** | |
| **BLUE WATER LAND DEVELOPMENT**<br>**COMPANY, LLC,** | **CASE NO. 08-00842-8-JRL** |
| | **Chapter 11** |
| Debtor. | |

_____

| | |
|---|---|
| **THOMAS F. GORDON, JAMES T.**<br>**GORDON, AND DEVELOPMENT**<br>**COMPANY OF COLUMBIA, LLC,** | |
| Plaintiffs, | **ADVERSARY PROCEEDING**<br>**NO.:   L-08-00054-8-AP** |
| vs. | |
| **MICHAEL K. LAM, BLUE WATER**<br>**LAND DEVELOPMENT COMPANY,**<br>**LLC, DEEPWATER DEVELOPMENT**<br>**COMPANY, LLC, RIVER CREEK AT**<br>**PERQUIMANS, LLC, REX D. TILLETT,**<br>**DAN L. MERRELL, DAN L. MERRELL**<br>**& ASSOCIATES, PC, AND BANK OF**<br>**AMERICA, N.A.,** | |
| Defendants. | |

**BANK OF AMERICA, N.A.,**

      **Plaintiff,**

   **vs.**

**BLUE WATER LAND DEVELOPMENT COMPANY, LLC, DEEPWATER DEVELOPMENT COMPANY, LLC, DEVELOPMENT COMPANY OF COLUMBIA, LLC, MICHAEL K. LAM REALTY, MICHAEL K. LAM, GLENN E. FUTRELL, JOHN DIXON, REX D. TILLETT, DAN L. MERRELL, AND DAN L. MERRELL & ASSOCIATES, PC,**

      **Defendants.**

**ADVERSARY PROCEEDING NO.:   L-08-00078-9-AP**

_____

## ORDER

The matters before the court are the motion to dismiss the cross-claims of Development Company of Columbia, LLC ("DCC"), the motion for leave to file Second Amended Complaint by Thomas F. Gordon, James T. Gordon (the "Gordons"), and DCC, and the motion for leave to amend pleadings by Dan L. Merrell and Dan L. Merrell & Associates, PC (the "Merrell Defendants").  On April 28, 2009, the court conducted a hearing on these matters in Raleigh, North Carolina.  This order confirms and provides the rationale for the oral ruling at the conclusion of the hearing allowing the motions for leave to amend and denying the motion to dismiss cross-claims.

## BACKGROUND

On October 24, 2006, Bank of America, N.A. filed a verified complaint in Mecklenburg County, No. 06 CVS 20805 (the "Bank of America Suit"), against Blue Water Land

2

Development Company, LLC ("Blue Water"), Deepwater Development Company, LLC, Development Company of Columbia, LLC ("DCC"), Michael K. Lam ("Lam"), Michael K. Lam Realty, Loren Hamlin, Glenn E. Futrell, John Dixon, and Rex D. Tillett.  The verified complaint alleged that the defendants were involved in a scheme to obtain approximately $13,000,000.00 from Bank of America to purchase certain real property in Perquimans County, North Carolina.

On November 3, 2006, the Gordons and DCC filed a lawsuit in Dare County Superior Court, No. 06 CVS 705 (the "Gordon/DCC Suit"), against Lam, Blue Water, Deepwater Development Company, LLC, River Creek at Perquimans, LLC, Rex D. Tillett, Bank of America, N.A., and the Merrell Defendants.  The Gordon/DCC Suit alleged, *inter alia*, that the defendants made material misrepresentations and misappropriated funds in connection with the purchase of certain real property in Tyrrell County, North Carolina.  On December 8, 2006, the Gordons and DCC filed a First Amended Complaint.  With respect to the Merrell Defendants, the amended complaint alleged claims of professional negligence, breach of fiduciary duty, constructive fraud, negligent misrepresentation, civil conspiracy, and Racketeer Influenced and Corrupt Organizations Act violations.

On February 8, 2008, Blue Water and Lam each filed a voluntary petition under chapter 11 of the Bankruptcy Code.  Subsequently, on May 7, 2008, the Gordons and DCC removed the Gordon/DCC Suit to this court.  On June 3, 2008, the Bank of America Suit was also removed to this court.

On October 13, 2008, DCC filed cross-claims in the Bank of America Suit (the "DCC Cross-claims").  As to the Merrell Defendants, the DCC Cross-claims included claims of conversion, professional negligence, breach of fiduciary duty, constructive fraud, negligent misrepresentation, civil conspiracy, Racketeer Influenced and Corrupt Organizations Act

3

violations, and unfair and deceptive trade practices.  Most of these cross-claims were identical to the claims brought against the Merrell Defendants by DCC in the Gordon/DCC Suit, although DCC added cross-claims of conversion and unfair and deceptive trade practices.  On April 2, 2009, the court entered an order dismissing Bank of America's claims against the Merrell Defendants without making any findings as to subject matter jurisdiction or venue.  However, the court ordered that the DCC Cross-claims remain intact, further ordered that the stay of the DCC Cross-claims be lifted, and required the Merrell Defendants to respond to the DCC Cross-claims within ten (10) days.

The parties to the Bank of America Suit and the Gordon/DCC Suit engaged in mediation over a period of several months.  On December 15, 2008, all parties except the Merrell Defendants and Loren Hamlin reached a settlement agreement as to the claims in the Bank of America Suit and the Gordon/DCC Suit (the "Mediated Settlement Agreement").  Pursuant to the Mediated Settlement Agreement, the parties agreed to release each other from all claims arising out of and related to the Bank of America Suit and the Gordon/DCC Suit.  However, the Mediated Settlement Agreement was subject to the court's approval upon confirmation of the debtors' plans of reorganization.  The hearings on confirmation of the debtors' plans are not scheduled to take place until June 18, 2009.

On March 16, 2009, the Gordons and DCC filed a motion for leave to file a Second Amended Complaint in the Gordon/DCC Suit.  On April 6, 2009, the Merrell Defendants filed an objection to the motion for leave to amend.  On March 19, 2009, the Merrell Defendants filed a motion for leave to amend their answer in the Gordon/DCC Suit.  Neither the Gordons nor DCC objected to the Merrell Defendants' motion for leave to amend.  On April 9, 2009, the Merrell Defendants filed a motion to dismiss the DCC Cross-claims in the Bank of America Suit

4

for lack of subject matter jurisdiction and improper venue.

## **DISCUSSION**

<u>1.  Motion to Dismiss the DCC Cross-claims</u>

The Merrell Defendants assert that the DCC Cross-claims in the Bank of America Suit should be dismissed for lack of subject matter jurisdiction and improper venue.  Under Rule 12(b) of the Federal Rules of Civil Procedure, made applicable by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure, a claim for relief may be dismissed for lack of subject-matter jurisdiction or improper venue.  FED. R. CIV. P. 12(b)(1), (3).  28 U.S.C. § 1334 conveys original and exclusive jurisdiction of all cases under title 11 of the United States Code to the district courts.  28 U.S.C. § 1334(a).  In addition,  "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."  28 U.S.C. § 1334(b).  Proceedings "arising in" Title 11 "are not based on any right expressly created by Title 11, but nevertheless, would have no existence outside of the bankruptcy."  <u>In re A.H. Robins Co., Inc.</u>, 86 F.3d 364, 372 (4th Cir. 1996) (quoting <u>Matter of Wood</u>, 825 F.2d 90, 97 (5th Cir. 1987)).  On the other hand, proceedings which are "related to" cases under Title 11 include proceedings "in which the outcome could have any effect on the estate being administered in bankruptcy."  <u>In re A.H. Robins Co., Inc.</u>, 86 F.3d at 372 (citing <u>Pacor, Inc. v. Higgins</u>, 743 F.2d 984, 994 (3d Cir. 1984)).  In this case, the Merrell Defendants are neither debtors nor creditors in the underlying bankruptcy cases.  In addition, the DCC Cross-claims arose from alleged conduct which occurred prior to the petition dates of Lam and Blue Water.  It follows that the court's jurisdiction over the DCC Cross-claims is contingent on a finding that the DCC Cross-claims are "related to" the Lam or Blue Water bankruptcy cases. "An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities,

5

options, or freedoms of action . . . and which in any way impacts upon the handling and administration of the bankrupt estate." Id. The burden of proving that the court has "related to" jurisdiction lies on the party asserting jurisdiction. In re Klavan, 297 B.R. 474, 477 (Bankr. E.D. Va. 2002).

The Merrell Defendants allege that the DCC Cross-claims are not related to a case under title 11 because the outcome of the claims against the Merrell Defendants will not affect the administration of the bankruptcy estate of Blue Water. Specifically, the Merrell Defendants assert that the DCC Cross-claims are based on state-created private rights asserted against the Merrell Defendants individually. Because the claims asserted do not give rise to joint and several liability, the Merrell Defendants contend that the outcome of the claims against them will have no conceivable effect on the bankruptcy estates of Lam or Blue Water. In addition, the Merrell Defendants contend that all parties except for the Merrell Defendants reached a settlement of the claims at issue pursuant to the Mediated Settlement Agreement that was pending court approval on the date of hearing. As a result, the Merrell Defendants argue that the liability of the debtors will be fixed when the Mediated Settlement Agreement is approved.

In response, DCC contends that the court has "related to" jurisdiction with respect to the DCC Cross-claims. First, DCC asserts that the DCC Cross-claims could conceivably have an effect on the bankruptcy estates of Lam and Blue Water because DCC alleges that it was defrauded by both the debtors and the Merrell Defendants. It follows that a settlement or verdict against the Merrell Defendants would likely affect the claims against the debtors. Second, DCC argued at hearing that jurisdiction must be determined from the point in time at which the action was removed to this court. See In re Celotex Corp., 124 F.3d 619, 626 (4th Cir. 1997) ("related to" jurisdiction existed at the time of the removal of the action to the district court; a subsequent

6

settlement with the bankruptcy estate could not divest the court of that subject matter jurisdiction) (citing <u>Freeport-McMoRan, Inc. v. K N Energy, Inc.</u>, 498 U.S. 426, 428, 111 S. Ct. 858, 859 (1991)).  In addition, although a signed Mediated Settlement Agreement was awaiting court approval on the date of hearing, DCC argued that the debtors remained subject to liability as parties to the Bank of America Suit and DCC Cross-claims until such time as the Mediated Settlement Agreement became effective.

The court finds that the DCC Cross-claims are sufficiently related to the Lam and Blue Water bankruptcy cases.  The DCC Cross-claims assert multiple claims for relief against Lam, Blue Water, and the Merrell Defendants, including claims of conversion, civil conspiracy, unfair and deceptive trade practices, and state and federal Racketeer Influenced and Corrupt Organizations Act violations.  In addition, the DCC Cross-claims allege fraud, negligent misrepresentation, and the imposition of a constructive trust against Lam and Blue Water; breach of operating agreement and implied covenant of good faith and fair dealing, breach of fiduciary duties, negligence, constructive fraud, and federal and state securities violations against Lam; and professional negligence, breach of fiduciary duties, constructive fraud, and negligent misrepresentation against the Merrell Defendants.  All of these claims arise from the same set of facts and circumstances.  Although there is a potential settlement that would fix the liability of the debtors, no such settlement had been finalized as of the date of hearing.  If the Mediated Settlement Agreement is not approved by the court, it is conceivable that DCC could recover a judgment from the Merrell Defendants for the full amount of its claims, resulting in a substantial reduction or elimination of liability of the debtors.  Thus, the court finds that the DCC Cross-claims could conceivably affect the administration of the bankruptcy estates unless and until the

Mediated Settlement Agreement is approved by the court.[1]

## 2.  Motion for Leave to File Second Amended Complaint

In the Gordon/DCC Suit, the Gordons and DCC filed a motion for leave to file a Second Amended Complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure, made applicable by Rule 7015 of the Federal Rules of Bankruptcy Procedure.  Generally, a party may amend its pleading once as a matter of course.  FED. R. CIV. P. 15(a)(1).  However, where a party seeks to file a second amended pleading, however, the proposed amendment is contingent on "the opposing party's written consent or the court's leave."  FED. R. CIV. P. 15(a)(2).  Rule 15 further provides that "[t]he court should freely give leave when justice so requires."  Id.  In the case at bar, the Gordons and DCC must obtain leave from the court before they may file their Second Amended Complaint because they previously amended their complaint on December 6, 2008 and have not acquired the written consent of the opposing parties.

The Second Amended Complaint adds claims of conversion and unfair and deceptive trade practices against the Merrell Defendants.  At hearing, the Gordons and DCC alleged that the amended claims were necessary to conform the pleadings in the Bank of America Suit with those in the Gordon/DCC Suit.   In support of their position, the Gordons and DCC argue that the proposed amendments merely incorporate the DCC Cross-claims pending against the Merrell Defendants in the Bank of America Suit.  The Gordons and DCC contend that it is necessary to add these claims to their complaint in order to preserve the claims should the DCC Cross-claims

---

[1]Although the court finds that the DCC Cross-claims are not subject to dismissal for lack of subject matter jurisdiction or improper venue at this time, the court anticipates that these cases will develop in such a way that the jurisdictional issues raised by the Merrell Defendants will have a different slant.  As a result, the court will stay the DCC Cross-claims until the Mediated Settlement Agreement is either approved or denied.

ultimately be dismissed.  Further, the Gordons and DCC asserted at hearing that no prejudice would result to the Merrell Defendants because the additional claims were already pending against the Merrell Defendants in the Bank of America Suit.  Finally, the Gordons and DCC asserted at hearing that the Second Amended Complaint included additional facts which they learned through discovery subsequent to the filing of their First Amended Complaint.

In response, the Merrell Defendants contend that the proposed amendments are futile. First, the Merrell Defendants assert that the amended claims are barred by the prior pending action doctrine.  Second, the Merrell Defendants argue that the court lacks subject matter jurisdiction and venue with respect to the Second Amended Complaint.  Third, the Merrell Defendants contend that the Second Amended Complaint asserts a claim for unfair and deceptive trade practices that is barred by North Carolina law.

The Supreme Court has held that futility of amendment is a justifiable reason for denying a party's request for leave to amend a pleading.  Forman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962).  However, the court finds that the Second Amended Complaint is far from futile.  First, the prior pending action doctrine is not applicable in this case.  Under the prior pending action doctrine, when courts of competent jurisdiction concurrently have before them actions between the same parties involving the same causes of action, there is a strong presumption in favor of the forum of the first-filed suit.  Shore v. Brown, 324 N.C. 427, 429, 378 S.E.2d 778, 779 (1989); New York v. Exxon Corp., 932 F.2d 1020, 1025 (2d Cir. 1991).  In this case, the Merrell Defendants argue that the proposed amendments are barred because the same claims were brought by DCC as cross-claims in the Bank of America Suit.  However, the Gordons are not parties in the Bank of America Suit.  Because the parties are not consistent, the

prior pending action doctrine is not applicable with respect to the Second Amended Complaint. Second, the court finds that it has subject matter jurisdiction with respect to the Second Amended Complaint because the claims asserted by the Gordons and DCC are related to the administration of the bankruptcy estates of Lam and Blue Water.  Third, to the extent the Gordons and DCC are barred by North Carolina law from asserting a cause of action for unfair and deceptive trade practices against the Merrell Defendants under N.C. GEN. STAT. § 75-1.1(b), the court finds that the assertion of a claim that is incognizable does not preclude the court from granting leave to amend and add other claims for relief properly asserted and facts newly-discovered.

At hearing, the Merrell Defendants further asserted that the 72-page Second Amended Complaint failed to comply with the requirement that a claim for relief must contain a short and plain statement of the claim.  The court disagrees and finds that the Second Amended Complaint satisfies the pleading requirements of the Federal Rules of Civil Procedure.  Rule 8 of the Federal Rules of Civil Procedure, as incorporated by Rule 7008 of the Federal Rules of Bankruptcy Procedure, requires that a claim for relief must contain a short and plain statement showing that the pleader is entitled to relief.  FED. R. CIV. P. 8(a)(2).  At the same time, Rule 9 requires parties to plead the circumstances constituting fraud with particularity.  FED. R. CIV. P. 9(b), made applicable by FED. R. BANKR. P. 7009.  In this case, the court finds that the Gordons and DCC provided an abundance of facts in support of their claims for relief and in satisfaction of Rules 8 and 9 of the Federal Rules of Civil Procedure.

Additionally, the Gordons and DCC request that the amended complaint relate back to the date of the original pleadings.  Under Rule 15, "[a]n amendment to a pleading relates back to

the date of the original pleading when . . . (B) the amendment asserts a claim or defense that

arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the

original pleading . . . ." FED. R. CIV. P. 15(c)(1)(B).  In response, the Merrell Defendants

contend that the Second Amended Complaint improperly adds a claim for relief for conversion

against them and assert that the claim is barred by the statute of limitations.  As a result, the

Merrell Defendants allege that the claim of conversion should not relate back to the date of the

original complaint. This issue, however, is more appropriately addressed by a motion to dismiss

based on the statute of limitations than on a motion to amend,.

3.  Motion for Leave to Amend Answer

        The Merrell Defendants filed a motion for leave to amend their answer in the

Gordon/DCC Suit on March 19, 2009.  The Merrell Defendants seek to add the defense of the

doctrine of election of remedies to their answer and contend that such defense became available

to them after the Gordons and DCC entered into the Mediated Settlement Agreement.  In the

alternative, the Merrell Defendants propose in their amended answer to receive a credit for the

amounts awarded to the Gordons and DCC and against the Merrell Defendants under the

Mediated Settlement Agreement.  Neither the Gordons nor DCC object to the Merrell

Defendants' motion for leave to amend.  As a result, the court grants the Merrell Defendants

leave to amend their answer.

        Based on the foregoing, the motion to dismiss the DCC Cross-claims is DENIED.

However, all proceedings on the DCC Cross-claims are stayed pending the court's determination

of the Mediated Settlement Agreement, except with respect to any discovery related to the DCC

Cross-claims that has already been undertaken.  The motion for leave to filed Second Amended

11

Complaint by Thomas F. Gordon, James T. Gordon, and DCC is ALLOWED.  With respect to the Second Amended Complaint, the Merrell Defendants are allowed 30 days to file a response. However, no other party is obligated to respond at this time.  The motion for leave to amend pleadings by the Merrell Defendants is ALLOWED.

**"END OF DOCUMENT"**