SO ORDERED.

SIGNED this 29 day of June, 2009.

_____
J. Rich Leonard
United States Bankruptcy Judge

_____

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA

IN RE:

**BLUE WATER LAND DEVELOPMENT
COMPANY, LLC,**

|  |  |
|---|---|
| **DEBTOR.** | **CASE NO. 08-00842-8-JRL**<br>**CHAPTER 11** |

**MICHAEL K. LAM, SR. and
JENNIFER J. LAM,**

|  |  |
|---|---|
| **DEBTORS.** | **CASE NO. 08-00856-8-JRL**<br>**CHAPTER 11** |

**THOMAS F. GORDON, JAMES T.
GORDON and DEVELOPMENT
COMPANY OF COLUMBIA, LLC,**

    **Plaintiffs**

|  |  |
|---|---|
| **v.** | **ADVERSARY PROCEEDING NO.**<br>**08-00054-8-JRL** |

**MICHAEL K. LAM, SR., JENNIFER
J. LAM, BLUE WATER LAND
DEVELOPMENT COMPANY, LLC,
DEEPWATER DEVELOPMENT
COMPANY, LLC, RIVER CREEK
AT PERQUIMANS LLC, REX D.
TILLET, DAN L. MERRELL, DAN L.
MERRELL & ASSOCIATES, P.C.,**

**and BANK OF AMERICA, N.A.**

        **Defendants.**

**BANK OF AMERICA, N.A.**

        **Plaintiff**

        **v.**

        **ADVERSARY PROCEEDING NO. 08-00078-8-JRL**

**BLUE WATER LAND DEVELOPMENT COMPANY, LLC, DEEPWATER DEVELOPMENT COMPANY OF COLUMBIA, LLC, MICHAEL K. LAM REALTY, MICHAEL K. LAM, LOREN HAMLIN, REX TILLET, GLENN E. FUTRELL, JOHN DIXON, DAN L. MERRELL, and DAN L. MERRELL & ASSOCIATES, P.C.**

        **Defendants.**

## ORDER

The matter before the court is Thomas F. Gordon, James T. Gordon, and Development Company of Columbia, LLC's (collectively, the "Movants") motion to consolidate two adversary proceedings and remand the consolidated cases to the Superior Court of Dare County, North Carolina. The court conducted a hearing on this matter on June 18, 2009 in Raleigh, North Carolina.

At hearing it was established that Thomas F. Gordon and James T. Gordon (the "Gordon Brothers") are plaintiffs in Adversary Proceeding # 08-00054-8-JRL ("Case # 54"). Development Company of Columbia, LLC ("DCC") is a cross-claimant in Adversary Proceeding # 08-00078-8-JRL ("Case # 78") and a plaintiff in Case # 54. Michael K. Lam, Sr. and Jennifer J. Lam (the "Lams") filed a Chapter 11 case, # 08-00856-8-JRL, in this court on March 11, 2008. Blue Water Land Development Company, LLC ("Blue Water") filed a Chapter 11 case, # 08-

2

00842-8-JRL, in this court on March 11, 2008.

When the Lams and Blue Water filed for bankruptcy, Case # 54 was pending before the Superior Court of Dare County, North Carolina as case # 06-CVS-705, and Case # 78 was pending before the Superior Court of Mecklenburg County, North Carolina, as case # 06-CVS-20805. The Gordon Brothers and DCC filed a notice under 28 U.S.C. §1452(a) to have Case # 54 removed as a matter of right to this court. Bank of America also filed a notice to have Case # 78 removed to this court. This court consolidated the adversary proceedings procedurally but not substantively. The cases were ordered to mediation, where certain matters were tentatively settled pending the court's approval of the amended plans of reorganization in the cases of the Lams, Blue Water, and Deepwater Development Company, LLC.

On June 18, 2009, the court approved the amended plans during a hearing in Raleigh, North Carolina. As confirmed, the plans of the Lams and Blue Water incorporate the terms of the mediated settlement agreement between the plaintiffs, the debtors, and most of the other defendants. However, the following claims were excepted from the settlement and left pending for hearing and determination: (1) all claims of the Movants against defendants Dan L. Merrell and Dan L. Merrell & Associates, P.C. (collectively the "Merrell Defendants") contained in the amended complaints filed in Case # 54; (2) cross-claims by the Merrell Defendants in Case # 54 against Bank of America; (3) the cross-claim filed by DCC against the Merrell Defendants in Case # 78; and (4) any other open pleadings contained in the two cases regarding the Movants and the Merrell Defendants. The hearing on the Movants' motion to consolidate and remand immediately followed the debtors' confirmation hearings.

The Movants request that the court join Cases # 54 and # 78 and remand them to the Superior

3

Court of Dare County. First, the Movants alleged at hearing that consolidation was proper because the allegations asserted in the DCC cross-claim against the Merrell Defendants in Case # 78 involve the same questions of law or fact as the claims brought by the Movants against the Merrell Defendants in Case # 54. Rule 7042 of the Federal Rules of Bankruptcy Procedure, which incorporates Rule 42 of the Federal Rules of Civil Procedure in adversary proceedings, provides that:

> If actions before the court involve a common question of law or fact, the court may:
>
> > (1) join for hearing or trial any or all matters at issue in the actions;
> >
> > (2) consolidate the actions; or
> >
> > (3) issue any other orders to avoid unnecessary cost or delay.

FED. R. BANKR. P. 7042. At hearing, Bank of America asserted that it did not object to the consolidation of Cases # 54 and # 78. No other parties objected to the Movants' request for consolidation. This court agrees that the cross-claim in Case # 78 involves questions of law and fact common with the claims in Case # 54 and finds that consolidation is warranted pursuant to Rule 7042.

Second, the Movants allege that the court lacks jurisdiction to hear these adversary proceedings because the claims against the debtors have been settled pursuant to the mediated settlement agreement approved by the court upon confirmation of the debtors' plans. As a result, the debtors are no longer parties to the adversary proceedings at issue and the Movants therefore request that the court remand these matters to the Superior Court of Dare County. In response, Bank of America objects to the Movants' request and asserts that the court should retain jurisdiction over these cases. At hearing, Bank of America argued that it was in the parties' best interest for these

4

cases to remain in bankruptcy court.  Specifically, Bank of America argued that these adversary proceedings were unusual, the court has familiarity with the cases which have been pending in this court for more than one year, and that the attorneys involved were based in Raleigh.  However, Bank of America admitted at hearing that many of the parties remaining in these adversary proceedings resided in or around Dare County, including the Merrell Defendants.  In addition, Bank of America admitted that it conducts business in Dare County.  Also at hearing, the Merrell Defendants asserted that they had no objection to remanding the consolidated cases to the Superior Court of Dare County.

The court finds that under the circumstances it is appropriate to remand the consolidated cases to the Superior Court of Dare County.  Following the settlement of claims by the debtors, the consolidated cases are now comprised exclusively of non-debtor parties and predominantly state law claims.  Further, the parties have demanded a jury trial but do not consent to this court exercising jury trial jurisdiction over these matters as a core proceeding.  As a result, these cases would not remain with this court even if the court found that remand to state court was not justified.  To the extent that jurisdiction remains with this court, the court exercises its right to permissibly abstain from hearing these proceedings pursuant to 28 U.S.C. § 1334(c) and remands the consolidated cases to the Superior Court of Dare County.

Based on the foregoing, the motion to consolidate Adversary Proceeding Case # 08-00054-8-JRL and Adversary Proceeding # 08-00078-8-JRL is ALLOWED.  The motion to remand these consolidated cases to the Superior Court of Dare County, North Carolina is ALLOWED.

END OF DOCUMENT"

5